IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:21-CR-6-D
No. 2:23-CV-2-D

|                              |   |          |
|------------------------------|---|----------|
| HERMAN FELTON, JR.,          | ) |          |
|                              | ) |          |
|            Petitioner,       | ) |          |
|                              | ) |          |
| v.                           | ) | **ORDER** |
|                              | ) |          |
| UNITED STATES OF AMERICA,    | ) |          |
|                              | ) |          |
|            Respondent.       | ) |          |

On January 5, 2023, Herman Felton, Jr. ("Felton" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 60-month sentence [D.E. 87]. On April 20, 2023, and May 3, 2023, Felton moved to compel evidence [D.E. 93, 94]. The same day, Felton moved to compel judgment [D.E. 95]. On May 4, 2023, Felton moved to expedite judgment [D.E. 96]. On December 5, 2023, Felton moved to transfer and to introduce evidence of suppressed Brady materials [D.E. 104, 105]. On December 7, 2023, Felton moved to introduce new evidence [D.E. 106]. On January 8, 2024, the government moved to dismiss Felton's petition for failure to state a claim upon which relief can be granted [D.E. 107] and filed a memorandum in support [D.E. 108]. See Fed. R. Civ P. 12(b)(6). On January 8, 2024, the court notified Felton of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 109]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On January 22, 2024, Felton responded in opposition [D.E. 110]. On April 5, 2024, Felton filed a writ of mandamus [D.E. 112]. On April 11, 2024, Felton moved to amend his writ of mandamus [D.E. 113]. On April 17, 2024, Felton moved again to amend his writ of mandamus [D.E. 115]. As explained below, the court

grants the government's motion to dismiss, dismisses Felton's motion to vacate, denies Felton's motions to compel, dismisses as moot Felton's motion to expedite judgment, denies Felton's motion to transfer, denies Felton's motions to introduce evidence, and dismisses as moot Felton's motions to amend his writ of mandamus.

I.

On December 1, 2021, pursuant to a plea agreement, Felton pleaded guilty to possession of a stolen firearm (count one). See [D.E. 44, 48, 77]. On March 9, 2022, the court held Felton's sentencing hearing. See [D.E. 60, 68, 78]. The court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 57]. See Sent. Tr. [D.E. 78] 4–5; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Felton's total offense level to be 13, his criminal history a IV, and his advisory guideline range to be 24 to 30 months' imprisonment. See Sent. Tr. 4–5. After granting the parties' upward departure motion in Felton's plea agreement and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Felton to 60 months' imprisonment. See id. at 5–11, 25–30; Plea Ag. [D.E. 48] ¶ 5b; [D.E. 60, 68].

On March 18, 2022, Felton appealed. See [D.E. 65]. On September 6, 2022, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Felton's plea agreement and dismissed Felton's appeal. See [D.E. 79, 80, 84]. On September 12, 2022, Felton appealed again. See [D.E. 81]. On December 27, 2022, the Fourth Circuit dismissed Felton's appeal as duplicative. See [D.E. 85, 86, 90]; United States v. Felton, No. 22-7065, 2022 WL 17959808, at *1 (4th Cir. Dec. 27, 2022) (per curiam) (unpublished). Felton did not seek Supreme Court review.

On January 5, 2023, Felton moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 60-month sentence. See [D.E. 87]. In his petition, Felton argues that he was actually

2

innocent because a police detective with the Elizabeth City Police Department ("ECPD") told him he would not be prosecuted if Felton turned in his firearm, his counsel was ineffective by instructing Felton's wife to suppress information, his counsel was ineffective by allowing the court to modify the plea agreement, his counsel was ineffective by not pursing an interview with the ECPD police detective, his counsel was ineffective by lying "about many things," his counsel was ineffective by allowing the court to increase his base offense level, the court improperly modified his plea agreement in violation of Federal Rule of Criminal Procedure 11, and the government committed a Brady violation by failing to produce the recording of his initial interview with the ECPD police detective who allegedly told him that he would not be prosecuted if he turned in his firearm. [D.E. 87] 3–8; see [D.E. 87-1] 4–5, 8.

II.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a petition's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 petition, the court is not limited to the petition itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

Felton failed to raise any of his claims on appeal. See United States v. Felton, No. 22-4212, [D.E. 14, 22] (4th Cir. 2022).[1] Thus, Felton procedurally defaulted all claims not based on ineffective assistance of counsel. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253, 259 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001), abrogated on other grounds by Clay v. United States, 537 U.S. 522 (2003). Moreover, Felton has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Accordingly, the court dismisses Felton's claims other than his ineffective assistance of counsel claims.

Alternatively, the collateral-attack waiver in Felton's plea agreement bars his challenges, excluding the ineffective assistance of counsel claims. In his plea agreement, Felton agreed

> [t]o waive knowingly and expressly the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the

---

[1] This citation refers to Felton's first appeal.

4

> Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger
> a waiver by the United States of any of its rights to appeal provided by law.

Plea Ag. ¶ 2c. In light of Felton's Rule 11 proceeding, the collateral-attack waiver in the plea agreement is enforceable. See Rule 11 Tr. [D.E. 77] 20; [D.E. 79] 1; United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). As for his claim that the government committed a Brady violation by failing to produce the alleged recording of his initial interview with the ECPD police detective, Felton was aware when he pleaded guilty that the initial interview existed and that the government had not produced it. See [D.E. 87] 8; [D.E. 87-1] 4; [D.E. 88] 3–6. Thus, Felton's claim falls within the collateral-attack waiver. Accordingly, the waiver bars all claims other than Felton's ineffective assistance of counsel claims.

As for Felton's actual innocence claim, Felton's sworn statements at his Rule 11 hearing bind him and defeat this claim. See, e.g., Rule 11 Tr. 3–27; Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Felton does not plausibly allege actual innocence. Rather, he contends the ECPD police detective promised not to prosecute him if he produced the gun. See [D.E. 87] 4. At Felton's Rule 11 hearing, Felton swore that he understood the relevant circumstances and consequences of pleading guilty and that he discussed his entire plea agreement with his attorney and understood it. See Rule 11 Tr. 20–26. Absent "extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements . . . are always palpably incredible and patently frivolous or false." Lemaster, 403 F.3d at 221 (citations omitted). Thus, Felton's actual innocence claim fails.

5

As for Felton's ineffective assistance of counsel claims, the "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 582 U.S. 357, 363–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Felton must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's

6

errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 582 U.S. at 369. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 582 U.S. at 368–69 (citations and quotations omitted).

To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability that the defendant would have received a different total sentence if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Felton contends that his counsel was ineffective by instructing Felton's wife to suppress information concerning the alleged conversation between the ECPD police detective and Felton and by neglecting to obtain the recording. To prevail on a claim that counsel failed to conduct an adequate pretrial investigation, the petitioner must identify what an adequate investigation would have revealed. See Dyess, 730 F.3d at 362; Green v. French, 143 F.3d 865, 892 (4th Cir. 1998), overruled on other grounds by Williams v. Taylor, 529 U.S. 362 (2000); Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996). Felton does not plausibly allege how an alleged statement from the ECPD detective would have bound the United States Attorney in exercising his prosecutorial discretion or how the alleged statement would have affected his plea agreement or sentence. See [D.E. 87] 4, [D.E. 87-1] 4; [D.E. 88] 5–6. As discussed, Felton does not plausibly allege that he is innocent. Rather, he alleges that he should not have been prosecuted. See [D.E. 87] 8. Thus, Felton fails to plausibly allege counsel's advice was deficient or that it prejudiced Felton. Accordingly, Felton's claim fails.

7

As for Felton's claim that his counsel was ineffective by allowing the court to modify the plea agreement, the court did not modify the plea agreement. See Sent. Tr. 3; [D.E. 87] 5; [D.E. 87-1] 8. In Felton's plea agreement, the parties stipulated to an upward departure of no more than 60 months' imprisonment. See Sent. Tr. 5–11; Plea Ag. ¶ 5b. At Felton's Rule 11 hearing, the court advised Felton that any stipulations contained in the plea agreement are not binding on the court and that the court alone would determine his sentence. See Rule 11 Tr. 6. At Felton's sentencing, the court upwardly departed from an offense level of 13, criminal history IV, and advisory guideline range of 24 to 30 months' imprisonment to an offense level of 17, criminal history category VI, and advisory guideline range of 51 to 63 months' imprisonment and sentenced Felton to 60 months' imprisonment. See Sent. Tr. 5–11, 25–33. Accordingly, Felton's claim fails.

As for Felton's claim that his counsel was ineffective by not pursing an interview with the ECPD police detective, the Sixth Amendment does not require counsel to make all non-frivolous arguments or to investigate "every conceivable line of mitigating evidence no matter how unlikely the effort would be to" succeed. Wiggins v. Smith, 539 U.S. 510, 533 (2003); see Knowles v. Mirzayance, 556 U.S. 111, 124–26 (2009). Felton does not plausibly allege what an interview with the ECPD detective would have revealed or how it would have affected his federal prosecution. See [D.E. 87] 5, [D.E. 87-1] 8; [D.E. 88] 18–19. Thus, Felton fails to plausibly allege counsel's conduct was deficient or that it prejudiced Felton. Accordingly, Felton's claim fails.

As for Felton's claim that his counsel was ineffective by lying "about many things," the court need not accept Felton's conclusory statements. [D.E. 87] 5; see Iqbal, 556 U.S. at 677–79; Giarratano, 521 F.3d at 302. Moreover, Felton swore at his Rule 11 hearing that he was "satisfied" with his attorney's legal services. Rule 11 Tr. 12, 22. Accordingly, Felton's claim fails.

8

As for Felton's claim that his counsel was ineffective by allowing the court to increase his base offense level, the parties stipulated in the plea agreement to an upward departure of no greater than a 60-month increase from the top of the advisory guideline range. See Sent. Tr. 5–11; Plea Ag. ¶ 5b. Thus, there was no deficient performance. Moreover, and in any event, misapplying advisory "sentencing guidelines does not amount to a miscarriage of justice" under section 2255. United States v. Foote, 784 F.3d 931, 939 (4th Cir. 2015) (quotation omitted); see United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); Mikalajunas, 186 F.3d at 495–96. Accordingly, Felton's claim fails.

After reviewing the claims presented in Felton's motion, the court finds that reasonable jurists would not find the court's treatment of Felton's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 107], DISMISSES petitioner's motion to vacate [D.E. 87], DISMISSES as moot petitioner's motion to expedite judgment and motions to amend his writ of mandamus [D.E. 96, 113, 115], DENIES as futile petitioner's remaining motions [D.E. 93–95, 104–06], and DENIES a certificate of appealability.

SO ORDERED. This 2 day of May, 2024.

JAMES C. DEVER III
United States District Judge